**John P. MURRAY, et al.,**
**Plaintiffs–Appellants,**

v.

**ROSS–DOVE COMPANY, INC.,**
**Defendant–Appellee.**

No. 95–1104.

United States Court of Appeals,
First Circuit.

Heard Oct. 4, 1995.

Decided Dec. 21, 1995.

Robert M. Duffy, with whom Michael P. Defanti and Hinckley, Allen & Snyder, Providence, RI, were on brief, for plaintiffs.

Michael B. Waitzkin, with whom Russell M. Frank, Robert S. Whitman, Nussbaum & Wald, Washington, DC, Marc C. Hadden and Gidley, Sarli & Marusak, Providence, RI, were on brief, for defendant.

Before TORRUELLA, Chief Judge, and CYR and LYNCH, Circuit Judges.

PER CURIAM.

In its second appearance before this court, this case involves an attempt by investors who invested several millions into a failing company to recover their losses from the appraisal company on whose valuation they relied. Because the amount awarded by the jury may have been the result of a misapprehension of the nature of joint tortfeasor liability aided by an incomplete and therefore misleading jury instruction, we reverse and remand for a new trial on damages.

We once again repeat what we said earlier in this case, which is now almost five years old: "On remand this case should be settled, if humanly possible.... Money spent on further litigation is a loss to both sides regardless of the outcome.... We think counsel would not be serving the interests of their clients if they failed to make an earnest effort to settle this case." *Murray v. Ross–Dove Co., Inc.*, 5 F.3d 573, 581 (1st Cir.1993) (paragraph structure omitted).

The facts of this case are set forth in our earlier opinion. *Id.* at 575–76. In short, plaintiffs, a group of investors (the "Crawford Group"), charged Ross–Dove Company, Inc. ("Ross–Dove"), an industrial appraiser, with negligence and negligent misrepresentation as to the value of the assets of a company, Bevmar Industries, Inc. ("Bevmar"), in which the group invested in reliance on the appraisal. At the second trial, after our remand of the case following the first trial, the jury found that Ross–Dove was liable to plaintiffs on both the negligence and negligent misrepresentation theories and awarded damages of $753,800.

Ross–Dove was not the only potential tortfeasor. Also potentially responsible were the promoters of the venture and the attorneys who had provided counseling on the deal, none of whom is a party in this case. By agreement between the parties, Ross–Dove was to be treated as a joint tortfeasor with the promoters and the attorneys. The parties agreed that any damages against Ross–Dove would be later reduced by the court by a $1.55 million settlement the plaintiffs had previously entered into with the attorneys. After the jury returned its damages award, the court reduced the $753,800 by the $1.55 million settlement, effectively reducing the plaintiffs' award to zero.

The plaintiffs claim that the jury award was the result of confusion that may have been caused by the court's jury instructions. The court instructed on damages as follows:

The measure of damages in this case is basically simple. The measure of damages is the monetary loss that plaintiffs suffered as a proximate result of defendant's wrongful conduct. So the investment, or part of the investment, that plaintiffs made in Bevmar, because of the defendant's wrongful conduct, minus any returns on that investment, is the maximum amount that plaintiffs can recover in this case.

So if you find for plaintiffs in this matter, then you shall award to plaintiffs a sum of money which will fairly and reasonably compensate them for losses suffered by them that were proximately caused by the wrongful conduct of the defendant. If you find that defendant was at fault, but that its fault was not the proximate cause of the financial loss to the extent claimed by plaintiffs, then plaintiffs may recover only that portion of their financial loss which resulted proximately from defendant's wrongful conduct.

Although plaintiffs concede that these instructions were not incorrect, they say they were incomplete and so misleading. They argue that the instructions potentially suggested to the jury that it was entitled to apportion damages among all three groups of tortfeasors and award only that which they apportioned to Ross–Dove's negligence. According to the plaintiffs, such an apportionment was not appropriate for the jury to do given that the parties had agreed to treat Ross–Dove as a joint tortfeasor. The plaintiffs had asked for an additional jury instruction that the measure of damages should be the total amount of damages and should not be reduced by amounts attributable to others' wrongdoing. The district court declined to give this instruction.

■ We believe that the failure to instruct the jury to award total damages was erroneous and necessitates a new trial on damages because the instructions given to the jury, taken as a whole, may have confused or misled the jury on the measure of damages. *See Sullivan v. National Football League,* 34 F.3d 1091, 1106–07 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1252, 131 L.Ed.2d 133 (1995); *Jerlyn Yacht Sales, Inc. v. Wayne R. Roman Yacht Brokerage,* 950 F.2d 60, 69 (1st Cir.1991) (requiring new trial where instructions could have misled jury as to fraudulent misrepresentation claim); *see also Allen v. Chance Mfg. Co., Inc.,* 873 F.2d 465, 469 (1st Cir.1989) (requiring reversal if the error in the instructions could have affected the result of the jury's deliberations). On the record as a whole, we cannot say that the jury would have awarded the same amount of damages had the plaintiffs' instructions been given. *See Jerlyn Yacht Sales,* 950 F.2d at 69.

The instructions given invited the jury to find damages based on the "part of the investment" loss or on the "portion of the investment" loss proximately caused by the defendant's negligent conduct. They did not inform the jury that where a joint tortfeasor causes harm and is found to be liable, it is liable for all of the harm even if others also contributed to the harm. *See, e.g., McInnis v. A.M.F., Inc.,* 765 F.2d 240, 249–50 (1st Cir.1985). The failure to inform the jury on this point was troublesome on the particular facts of this case because Ross–Dove had presented considerable evidence and argument about the wrongful actions of the other tortfeasors. While this evidence technically was presented for the sole purpose of sustaining Ross–Dove's defense to *liability (i.e.,* that it was not a cause of the injury), the evidence, when combined with the jury in-

structions, potentially misled the jury into believing that it should apportion the damages among the three groups of tortfeasors.

This, agree the parties, exactly may have happened. Even Ross–Dove's justification for the damages award relies in considerable part on an apportionment theory. Indeed, Ross–Dove has argued that the case was tried to the jury on an apportionment theory. We read the record differently. Before trial, the parties had agreed that Ross–Dove would be treated as a joint tortfeasor and would be entitled to a *pro tanto* reduction in damages to be granted by the judge after the jury verdict in the amount of the plaintiffs' settlement with the attorneys. Ross–Dove reserved only the right to present evidence or to cross-examine on the topic of the wrongdoing of the other tortfeasors in order to prove that Ross–Dove's appraisal was not the cause of the Crawford Group's injuries. Ross–Dove did not reserve the right to argue that the evidence of the other wrongdoers could be used to apportion damages, nor could it have, given how the case was tried.

The district court ran the trial under a joint tortfeasor theory. When presented with the agreement of the parties, the court responded "I'm satisfied that . . . the reduction in the total amount of damages suffered by the plaintiff because of a settlement with a *joint tort-feasor* comes off the verdict. . . . I know how to apply the Joint Tort–Feasor's

Contribution Act. . . . The correct way to apply the settlement amount paid by a *joint-tort feasor* [sic] is to determine what the total amount of damages is against the tort-feasor being sued, and then that award is reduced by the amount of the settlement, or 50% whichever is higher [emphases added]." In a Memorandum and Order after the verdict, the court denied the defendant's motion for judgment as a matter of law and proceeded to reduce the verdict by the settlement amount, stating: "Since the plaintiffs settled with a *joint tortfeasor* for $1,500,000 on a *joint tortfeasor* release, the parties agreed before trial[ ] that the Court would reduce any verdict for plaintiffs by the amount of that settlement [emphasis added]."[1]

■ Given that Ross–Dove was a joint tortfeasor and the case, by agreement, was tried on a joint tortfeasor theory, the failure to instruct the jury to award total damages likely misled the jury into thinking it could apportion damages. Under these circumstances, there is no reason for any confidence that the jury instructions did not affect the results of the jury's deliberations as to damages. The liability finding is unscathed. Liability and damages are not so interwoven in this case that one cannot be determined without the other. *See* Fed.R.Civ.P. 59(a) (permitting a new trial on "all or part of the issues"); *cf. Allen,* 873 F.2d at 473 (court remanded for retrial of liability, but not dam-

---

1. At oral argument, Ross–Dove argued that the references to a joint tortfeasor reduction were not controlling because the parties had agreed specifically to allow Ross–Dove the benefit of *both* a joint tortfeasor reduction in damages *and* an apportionment of damages. Not only does the record not support such a novel theory of the agreement, but it is difficult to see what, if anything, plaintiffs would have gained under such an agreement. Ross–Dove has argued that the plaintiffs gained because Ross–Dove waived its right to a *pro rata* reduction in damages under the Rhode Island joint tortfeasor statutes (it was entitled to a reduction in damages in the amount of the settlement or the proportion of reduction provided for in the joint tortfeasor release, whichever was higher, under R.I. Gen. Laws § 10-6-7 (1985), which the district court suggested, without objection from the parties, would otherwise apply). This justification, however, is something of a non sequitur. The decision to choose between a *pro tanto* or a *pro rata* reduction does not change the fact that some type of joint tortfeasor arrangement was made. If the

case had been tried on an apportionment theory, there should have been no joint tortfeasor reduction in damages at all. *See* R.I.Gen.Laws § 10-6-7 (reduction only for joint tortfeasor release); Restatement (Second) of Torts §§ 433A, 433B, 434, 879, 881, 885 (1964 & 1977) (if harm can be apportioned, liable party is not a joint tortfeasor and there is no reduction in liability); *see also McInnis v. A.M.F., Inc.,* 765 F.2d 240, 250 (1st Cir.1985) (applying Rhode Island law in holding that damages cannot be segregated between joint tortfeasors, who by definition have caused the same harm). Furthermore, the parties thought that their agreement "seem[ed] to dispose of the joint tort-feasor issue with the exception of [how to treat interest]." The record as to the agreement shows only that the defendant was concerned that evidence of the settlement should not come before the jury. If the agreement indeed permitted defendant to pursue a trial strategy inconsistent with the joint tortfeasor reduction in damages, the record should have reflected that. We decline to give any weight to defendant's post-trial recharacterization of the case.

ages).  After two trials already, we take as settled the question of Ross–Dove's liability and we thus remand for a new trial on damages alone.

*The judgment of damages is vacated, and the case is remanded for proceedings not inconsistent with this opinion.*